UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

SHANE CHRISTOPHER BUCZEK,

     Appellant,

    v.                                                            19-CV-1402 (JLS)

NATIONSTAR MORTGAGE LLC,

     Appellee.

———————————————————

## DECISION AND ORDER

Appellant Shane Christopher Buczek appeals from an order of the United States Bankruptcy Court for the Western District of New York, entered on the record on October 1, 2019 and by subsequent written order on October 15, 2019 , modifying the automatic stay that went into effect upon the July 19, 2019 filing of his Chapter 13 bankruptcy case.  *See generally* Dkt. 1.[1]

For the reasons below, this Court determines that Buczek's arguments on appeal are without merit.  The decision of the Bankruptcy Court, as memorialized in the October 15 order, is affirmed.

---

[1] Citations to the docket in this appeal (No. 19-CV-1402) will be cited as "Dkt." Citations to the record and docket of Buczek's bankruptcy case (Bankr. Case No. 19-11441) will be cited as "Bankr. Dkt."  The record on appeal may also be found at Dkt. 6.  Citations to any other docket will be cited as "Case No. _, Dkt.".

## BACKGROUND

This case concerns real property located at 7335 Derby Road, Derby, NY 14047.[2]  In 1994, Deborah Buczek executed a note in favor of Republic Bank for Savings for a principal amount of $100,536.00 plus interest.  Bankr. Dkt. 60 Exh. A, at 18-21.  The Note was secured by the property at 7335 Derby Road, Derby, NY 14047.  *Id.* at 22-35.  This loan was subsequently assigned and transferred several times.  *Id.* Exh. B (copies of assignments).  On August 23, 2019, Federal National Mortgage Association ("Fannie Mae") assigned the mortgage to the appellee, Nationstar Mortgage LLC ("Nationstar").  *See id.* at 44-45.

After Deborah Buczek failed to make mortgage payments, HSBC—the predecessor in interest to Fannie Mae—commenced a foreclosure action in New York Supreme Court, Erie County on July 6, 2015.  Dkt. 17, at 3.  Deborah Buczek moved to dismiss this action twice based on HSBC's lack of standing, which the state court denied on April 3, 2017 and August 10, 2017, respectively.  Bankr. Dkt. 60 Exhs. F, I (copies of decisions and orders).  Both written decisions concluded that the plaintiff had standing—evidenced by the assignments of mortgage as well as an

---

[2] This is one of several bankruptcy appeals before this Court stemming from this petitioner's bankruptcy case—or that of his mother—and involving this property. *See, e.g.*, *Buczek v. KeyBank N.A.*, No. 20-CV-1697 (W.D.N.Y. filed Nov. 20, 2020); *Buczek v. Nationstar Mortgage LLC*, No. 20-CV-1445 (W.D.N.Y. filed Oct. 6, 2020); *Buczek v. KeyBank N.A.*, No. 20-CV-1322 (W.D.N.Y. filed Sept. 17, 2020); *Buczek v. KeyBank N.A.*, No. 20-CV-1046 (W.D.N.Y. filed Aug. 7, 2020); *Buczek v. KeyBank*, No. 20-CV-80 (W.D.N.Y. filed Jan. 22, 2020); *Buczek v. KeyBank, N.A.*, 19-CV-527 (JLS), 2020 WL 7237681 (W.D.N.Y. Dec. 8, 2020). This order is limited to the civil case No. 19-CV-1402 appealing the decision and order identified on page one above, and the Court limits the discussion of these other cases, as well as the cases in state court, except as relevant to this appeal.

affidavit indicating that the plaintiff was in physical possession of the note before July 6, 2015, and, thus, held the note at the commencement of the action.  *See id.* Exh. F, at 7-8; *id.* Exh. I, at 3-5.  The state court ultimately granted summary judgment to the plaintiff on February 9, 2018, and ordered the caption amended to substitute Fannie Mae for HSBC, to reflect the transfer of the loan that occurred while the foreclosure action was pending.  *See* Bankr. Dkt. 60 Exh. J (order granting summary judgment and appointing referee).  On July 20, 2018, Deborah Buczek filed a voluntary petition for relief under the provisions of Chapter 13 of Title 11 of the United States Bankruptcy Code in United States Bankruptcy Court for the Western District of New York.[3]  Dkt. 17, at 4; *see also* Chapter 13 Voluntary Petition, *In re Deborah Ann Buczek*, No. 18-11401 (Bankr. W.D.N.Y. filed July 20, 2018), Dkt. 1.

Prior to filing a Chapter 13 bankruptcy petition, Deborah Buczek transferred the property via quitclaim deed to her son, Shane Christopher Buczek ("Buczek")—the debtor and appellant in this case—signed on August 7, 2017, and recorded on August 14, 2017.  Bankr. Dkt. 60 Exh. K.  According to Nationstar, it was not made aware of this transfer until a filing made by Deborah Buczek on November 1, 2019. Dkt. 17, at 7.

---

[3] According to Nationstar, in that case Deborah Buczek made numerous filings and objections to Nationstar's proof of claim and standing—however, the Bankruptcy Court granted Nationstar's motion for relief from the automatic stay at a hearing on October 1, 2019, with a written order entered October 15, 2019.  Dkt. 17, at 6-7.

Buczek subsequently filed his own Chapter 13 petition (Case No. 19-11441) in the United States Bankruptcy Court for the Western District of New York on July 19, 2019.  Bankr. Dkt. 1.

On September 6, 2019, Nationstar moved for *in rem* relief from the automatic stay under 11 U.S.C. § 362(d)(4), or, alternatively, for relief under 11 U.S.C. § 362(d)(1) to terminate the stay accompanied by an order under 11 U.S.C. § 105(a) preventing, for 180 days, any future filing by Buczek or any other person claiming interest in the subject property from operating as an automatic stay against Nationstar.  *See generally* Bankr. Dkt. 60.  Buczek filed his opposition to Nationstar's motion for relief on September 20, 2019, Bankr. Dkt. 73, and also moved to postpone the hearing scheduled for October 1, 2019, Bankr. Dkt. 85. Nationstar filed a response to Buczek on September 27, 2019.  Bankr. Dkt. 87.

On October 1, 2019, the Bankruptcy Court held a hearing on the motion for relief from the stay.  *See generally* Dkt. 7, Hr'g Tr., Oct. 1, 2019 (hereinafter "Oct. 1 Hr'g Tr.").  At the hearing, Judge Bucki granted the motion for relief under Section 362(d)(1) and for *in rem* relief under Section 362(d)(4) as follows: Judge Bucki ordered the automatic stay imposed by 11 U.S.C. § 362(a) lifted to permit Nationstar to proceed in state court up to the moment of judgment of foreclosure and sale.  Oct. 1 Hr'g Tr. 30:25-31:25.  Judge Bucki further ordered that if and when Nationstar obtained such a final judgment, Nationstar would be required to return to bankruptcy court to resolve any bankruptcy issues and obtain permission before

4

proceeding to notice a sale and actually foreclose on the property. Oct. 1 Hr'g Tr. 32:1-34:5.

Shortly after the hearing, on October 11, 2019, Buczek filed a Notice of Appeal of Judge Bucki's decision to modify the stay, appearing *pro se*.[4] Bankr. Dkt. 100; Dkt. 1. On October 15, 2019, a written order was entered that memorialized Judge Bucki's decision from the hearing and granted the motion for relief up to obtaining a judgment of foreclosure and sale. Bankr. Dkt. 102. On July 27, 2020, the Bankruptcy Court granted the Trustee's pending motion to dismiss the case. Dkt. 17, at 12.

Buczek filed his brief in the instant appeal on July 15, 2020. Dkt. 14. Nationstar filed its brief on September 14, 2020. Dkt. 17. Buczek filed a reply on September 28, 2020. Dkt. 18.

## DISCUSSION

## I.   ISSUES ON APPEAL

Buczek contends that the Bankruptcy Court erred in granting the motion for relief from the automatic stay. Buczek sets forth a lengthy list of issues, summarized as follows: Buczek has never had any loan with Nationstar; Nationstar has failed to provided authentic, original documents to support its claim against

---

[4] Buczek filed his Notice of Appeal on October 11, 2019 (Bankr. Dkt. 100)—in advance of the entry of the order reflecting Judge Bucki's oral ruling, which was signed and filed on October 15, 2019 (Bankr. Dkt. 102). While Buczek did not appeal that written order separately, under Federal Rule of Bankruptcy Procedure 8002(a)(2), the Notice of Appeal is treated as filed after entry of the order entered on October 15, 2019. *See, e.g.*, *In re Mayfair Corcoran, LLC*, No. 17-00513, 2018 WL 3816760, at *3 (Bankr. D.D.C. Aug. 3, 2018).

Buczek and, thus, is not a secured creditor and does not have standing to lift the automatic stay; Nationstar failed to post bond as required; Nationstar's materially false statements and misrepresentations prevent any application of the *Rooker-Feldman* doctrine in this case to enforce the state court order of summary judgment; the Bankruptcy Court lacked jurisdiction to grant stay relief based on Nationstar's lack of standing; Buczek's due process rights were violated for lack of proper notice; any order issued in denial of due process is automatically void and issuance of such an order constitutes *per se* abuse of discretion; Buczek was not required to make payments to the creditor; and Nationstar failed to satisfy the requirements under 11 U.S.C. §§ 362(d)(1) or (2) entitling them to relief from the stay. Dkt. 14, at 6-11. But Buczek offers only two arguments, which focus primarily on his right to an evidentiary hearing and Nationstar's failure to prove its secured creditor status, and the Bankruptcy Court's abuse of discretion in issuing an order in denial of due process. *Id.* at 23-26.

Nationstar presents the following issues: whether the instant appeal is now moot in light of dismissal of Buczek's underlying bankruptcy case; whether the Bankruptcy Court had jurisdiction to grant Nationstar's motion for relief from the automatic bankruptcy stay; whether the Bankruptcy Court committed reversible error in granting Nationstar's motion for relief from the automatic stay; and whether the Bankruptcy Court committed reversible error in finding that Nationstar had standing to bring the motion for relief from the automatic stay. Dkt. 17, at 1. Nationstar thus argues that the appeal of the stay relief order is

moot; the Bankruptcy Court had subject matter jurisdiction to consider the motion; Buczek's brief fails to offer any meaningful arguments showing that Bankruptcy Court committed reversible error in granting the stay relief order; Buczek's arguments regarding lack of notice and due process are unsupported; Nationstar's standing has been established in both state court and in the Bankruptcy Court; and, lastly, many of the arguments raised in Buczek's brief lack a basis in law or the facts, are irrelevant to this appeal, or are not sufficiently argued or briefed to be addressed. *Id.* at 13-25.

## II.   JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from bankruptcy courts under 28 U.S.C. § 158(a), which provides that the "district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and] with leave of court, from other interlocutory orders and decrees . . . of bankruptcy judges."[5] 28 U.S.C. § 158(a)(1), (3). A district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *In re Ehrenfeld*, No. 19-CV-8718 (RA), 2020 WL 5758819, at *2 (S.D.N.Y. Sept. 28, 2020) (quoting *In re Margulies*, 566 B.R. 318, 328 (Bankr. S.D.N.Y. 2017)). Part VIII of the Federal Rules of Bankruptcy Procedure governs the procedures in such appeals.

---

[5] Bankruptcy court orders lifting an automatic stay are final for purposes of appealability. *See In re Quigley Co., Inc.*, 676 F.3d 45, 51 (2d Cir. 2012) (citing *In re Chateaugay Corp. Inc.*, 880 F.2d 1509, 1511 (2d Cir. 1989)); *see also Ritzen Group, Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582 (Jan. 14, 2020).

This Court will review the Bankruptcy Court's decision to lift the automatic stay for abuse of discretion. *See, e.g., Osuji v. Deutsche Bank, N.A.*, 589 B.R. 502, 507 (E.D.N.Y. 2018) (citing *In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2d Cir. 1990)); *see also Ehrenfeld*, 2020 WL 5758819, at *2 (first citing *In re Sonnax*, 907 F.2d at 1286; and then citing *In re Adelphia Comm. Corp.*, 342 B.R. 122, 126 (Bankr. S.D.N.Y. 2006) ("Matters left to the bankruptcy court's discretion—including whether to lift a stay under § 362(d)—are reviewed for abuse of discretion.").[6] A bankruptcy court abuses its discretion "when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *In re Soundview Elite Ltd.*, 646 F.App'x 1, 1 (2d Cir. 2016) (summary order) (citing *In re Highgate Equities, Ltd.*, 279 F.3d 148, 152 (2d Cir. 2002)).

## III.   ANALYSIS

### A. Whether the Appeal is Moot

As an initial matter, Nationstar argues Buczek's appeal of the order granting relief from the stay is now moot because the underlying bankruptcy case was dismissed on July 28, 2020.  Dkt. 17, at 15-16.  Nationstar argues that, pursuant to 11 U.S.C. § 362(c)(2), the automatic stay terminated by operation of law upon the dismissal of the bankruptcy case—so that even if the Court decided Judge Bucki's order was in error, no effective relief would be possible when there is no longer a

---

[6] District courts review the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error. *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007); *see also In re Bayshore Wire Products Corp.*, 209 F.3d 100, 103 (2d Cir. 2000) ("Like the District Court, we review the Bankruptcy Court's findings of fact for clear error . . . [and] its conclusions of law *de novo*").

bankruptcy case in existence. *Id.* In response, Buczek argues that the appeal is not moot in light of his pending appeals from the bankruptcy court—including one concerning that the dismissal of his bankruptcy case. Dkt. 18, at 2-3.

It is well established that an appeal is rendered moot if the appellate court is not able to grant any effective relief. *In re Watkins*, No. 06-1341 (DGT), 2008 WL 708413, at *2 (E.D.N.Y. Mar. 14, 2008) (citing *In re Baker*, 339 B.R. 298, 302 (E.D.N.Y. 2005)). Courts often have dismissed as moot appeals of orders lifting the automatic stay where the property that was previously subject to the stay has already been sold or foreclosed upon pursuant to the bankruptcy court's order. *See id.* at *3 (first citing *In re Gucci*, 105 F.3d 837, 839-40 (2d Cir. 1997); and then citing *In re Baker*, 339 B.R. at 302-04); *see also NLK Enterprises, LLC v. Oyster Bay Mgmt. Co., LLC*, No. 12-CV-5091 (ADS), 2013 WL 1775051, at *4-5 (E.D.N.Y. Apr. 25, 2013) (concluding the appeal is moot not "because of the simple fact that the underlying bankruptcy case has been dismissed," but because the appellant did not seek a stay of the foreclosure pending appeal and the court could no longer fashion an effective relief).

However, that is not the situation here. Buczek's remaining appeals before this Court include an appeal of the order dismissing his case. *See, e.g.*, Notice of Appeal, *Buczek v. KeyBank National Association*, No. 20-CV-1046 (W.D.N.Y. filed Aug. 7, 2020), Dkt. 1-2. This distinguishes this case from others in which the debtor did not file a timely appeal of the dismissal order, or the debtor did not file a stay pending appeal and the property was sold, the debtor was evicted, etc. *See, e.g.*,

*Akzam v. U.S. Bank NA*, No. 2:16-cv-02274-TLN, 2020 WL 1700028 at *2-3 (E.D. Cal. Apr. 8, 2020) (concluding the appeal was moot with respect to Section 362(d)(1) because the appellant's bankruptcy case was dismissed and she did not appeal the dismissal); *NKL Enterprises*, 2013 WL 1775051, at *4-5 (concluding the appeal was moot because the appellant did not seek a stay of the order granting relief from the automatic stay, the appellant did not appeal the order dismissing the bankruptcy case, and the property was sold); *In re Watkins*, 2008 WL 708413, at *2-3 (because the stay was lifted and the debtor was already evicted, the debtor's appeal of the order lifting the automatic stay was moot).  On these facts, the Court concludes the appeal of the stay relief order is not moot.[7]

### B. Whether the Order Was Issued in Denial of Due Process or Lack of Jurisdiction

At several points, Buczek argues that the Judge Bucki's order is invalid or void because it was issued without jurisdiction or in denial of his due process rights. These arguments are without merit.

---

[7] Some courts have determined that while dismissal of the underlying bankruptcy case may moot an appeal of an order granting Section 362(d)(1) relief, the same may not be true when the appeal involves Section 362(d)(4) relief.  An order granting *in rem* relief under Section 362(d)(4) may survive the dismissal of the bankruptcy. *See, e.g., Akzam*, 2020 WL 1700028, at *3 (citations omitted).  Because an order granting Section 362(d)(4) prevents the debtor from obtaining the benefits of the automatic stay as to the property at issue in future bankruptcies, and therefore has "serious effects outlasting the duration of the dismissed case," an appellate court could grant effective relief regardless of case dismissal. *In re Jimenez*, 613 B.R. 537, 544 (B.A.P. 9th Cir. 2020).  Thus, affirming a dismissal order did not moot the appeal of the Section 362(d)(4) relief. *Id.*

Bankruptcy courts have subject matter jurisdiction to issue stay relief pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a)-(b).  28 U.S.C. § 157(b)(2)(G) specifies that core proceedings include "motions to terminate, annul, or modify the automatic stay."  *See In re Killmer*, 513 B.R. 41, 43 (Bankr. S.D.N.Y. 2014).  Judge Bucki's order granted Nationstar's motion for relief from the automatic stay. Buczek has failed to show that the Bankruptcy Court lacked subject matter jurisdiction to decide the motion.

It is well established that to satisfy due process during any proceeding, there must be "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *See, e.g.*, *Pierre v. Aurora Com. Corp.*, 620 B.R. 210, 219 (S.D.N.Y. 2020) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); and then citing *In re Grumman Olson Indus., Inc.*, 467 B.R. 694, 706 (S.D.N.Y. 2012)).  Pursuant to 11 U.S.C. § 362(d), the motion for relief from a stay may be granted "after notice and a hearing."

After reviewing the record, this Court concludes that Buczek received ample notice of the motion and hearing and opportunity to object to Nationstar's motion. The record shows that the motion for stay relief was filed on September 6, 2019. Bankr. Dkt. 60.  Buczek filed a response objecting to Nationstar's motion on September 20, 2019, *see* Bankr. Dkt. 73, and a motion to postpone the hearing a few days later on September 26, 2019, *see* Bankr. Dkt. 85.  He attended and spoke at length concerning his objections and arguments at the hearing on October 1, 2019.

*See generally* Oct. 1 Hr'g Tr.  Buczek's citations to various bankruptcy rules are irrelevant to or do not support his arguments on appeal.  Thus, Buczek has not shown any evidence of a denial of due process entitling him to reversal of Judge Bucki's order.

### C. Whether the Bankruptcy Court Erred or Abused its Discretion in Lifting the Stay

Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . (2) the enforcement against, the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title . . . [and] (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."  11 U.S.C. § 362(a)(2), (6).  Section 362(d) requires the bankruptcy court to grant relief from the stay, such as terminating or modifying the stay, on request of a "party in interest and after notice and a hearing."  *Id.* § 362(d).

The Court first considers whether the Bankruptcy Court correctly determined Nationstar to be a party of interest, and then considers whether the Bankruptcy Court abused its discretion in finding cause to vacate the automatic stay.

### 1. Nationstar's Standing to Seek Relief from the Stay

Under Section 362(d), a request to lift the automatic stay must be made by a "party in interest."  *In re Everton Aloysius Sterling*, 543 B.R. 385, 390 (Bankr. S.D.N.Y. 2015) (citing *In re Lippold*, 457 B.R. 293, 296 (Bankr. S.D.N.Y. 2011)).  The term "party in interest" is not defined by the Bankruptcy Code or rules.  *In re*

*Escobar*, 457 B.R. 229, 236 (E.D.N.Y. 2011).   Courts have recognized the need to strike a balance when determining standing: "providing some evidence of a litigable right or colorable claim at one end, to, at the other end, demonstrating that the movant holds a valid, perfected and enforceable lien and more likely than not will prevail in the underlying litigation stayed by the bankruptcy filing." *Id.* at 237. The Second Circuit, as well as courts in this circuit, have stated that a party seeking to invoke jurisdiction to obtain relief from the automatic stay must be either a creditor or debtor—an entity that can demonstrate a claim, defined as a right to payment under the Bankruptcy Code. *Sterling*, 543 B.R. at 390 (citing, *inter lia*, 11 U.S.C. § 101(5), (10)).   A party can demonstrate a right to payment by showing it is able to seek the state law remedy of foreclosure.   *Id.* (citing *In re Mims*, 438 B.R. 52, 56 (Bankr. S.D.N.Y. 2010); and then citing *Escobar*, 457 B.R. at 239).

Thus, the evidence required to establish standing to seek stay relief "should include a demonstration that the movant has the right under applicable state law to enforce the mortgage." *Escobar*, 457 B.R. at 239; *see also Osuji*, 589 B.R. at 509.  As relevant here, the level of proof necessary to commence a foreclosure action under New York law "is the appropriate level of proof necessary to confer standing to seek stay relief." *Osuji*, 589 B.R. at 509 (quoting *Escobar*, 457 B.R. at 241).  Under New York law, a plaintiff establishes standing in a mortgage foreclosure action "by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222

13

(2d Cir. 2016) (citing *Wells Fargo Bank, N.A. v. Rooney*, 132 A.D.3d 980, 981, 19 N.Y.S.3d 543 (2015)); *see also Sterling*, 543 B.R. at 390 (citing *Lippold*, 457 B.R. at 296-97).  In other words, "where the movant claims rights as a secured creditor by virtue of an assignment of rights to a promissory note secured by a lien against real property," courts require that the movant provide "satisfactory proof of its status as the owner or holder of the note at issue."  *Osujii*, 589 B.R. at 509 (citing *Escobar*, 457 B.R. at 241).

Here, Nationstar provided copies of the Mortgage and Note in its motion for relief from the stay, as well as copies of assignments and a "Lost Note Affidavit." *See* Bankr. Dkt. 60, Exhs. A-B.  In its brief, Nationstar argues that no other party has asserted an interest in the loan, despite the foreclosure action being commenced more than four years ago.  Dkt. 17, at 24.  Significantly, the state court, in two separate orders denying motions to dismiss, has already determined that standing to pursue the foreclosure action was established using the same standard referenced above.  Bankr. Dkt. 60 Exh. F, at 7-8 ("The plaintiff does in fact have standing as evidenced by the assignments of mortgage filed and the affidavit in support of chain of possession."); *see generally id.* Exhs. F, I.  While the state court did not issue a final judgment of foreclosure and sale, it twice addressed the issue of standing and granted summary judgment in favor of the then-plaintiff Fannie Mae—all before either Deborah Buczek or Shane Christopher Buczek filed petitions for bankruptcy under Chapter 13.  *See In re Campora*, Nos. 14-CV-5066 (JFB), 14-CV-7123 (JFB), 2015 WL 5178823, at *5 (E.D.N.Y. Sept. 1, 2015) (affirming the

14

bankruptcy court's determination of standing where the creditor presented evidence of its possession of the note and the state court had already resolved standing by issuing foreclosure judgment before bankruptcy case commenced).  Based on those decisions and the record in this case, Nationstar had standing to seek stay relief.[8]

In his filings in the bankruptcy court and this court, Buczek has opposed repeatedly Nationstar's proof of claim, status as a party in interest, and its entitlement to stay relief.  *See, e.g.*, Dkts. 14, 17.  However, as Judge Bucki correctly noted several times during the hearing, many of these issues are state law issues. *See* Oct. 1 Hr'g Tr. 25:19-21, 30:12-32:9.  Granting or denying a stay relief motion "is not and should not be considered a determination of the ultimate enforceability or unenforceability of the note and lien at issue"—rather, whether a creditor can prevail ultimately in a state foreclosure action and obtain a judgment of foreclosure "is for the state courts to determine." *Escobar*, 457 B.R. at 236, 241; *see also In re Quinteros*, No. 19-00195, 2019 WL 5874609, at *9 (Bankr. D.D.C. Nov. 8, 2019) ("The court is not required, for purposes of lifting the automatic stay, to determine

---

[8] Arguments relating to Nationstar's lack of standing to bring the foreclosure action in state court—which are the same requirements for standing under Section 362(d)—likely also are barred by *res judicata* and the *Rooker-Feldman* doctrine. *In re Campora*, 2015 WL 5178823, at *5 (concluding that the debtor's attempt to put standing into issue was barred by *Rooker-Feldman* doctrine and *res judicata*, where debtor asserted the creditor's documents were fraudulent); *see also In re Ehrenfeld*, 2020 WL 5758819, at *3 ("[B]ecause the identity of the note's holder was litigated in the state court foreclosure proceeding, collateral estoppel precluded [the debtor] from relitigating this issue here."); *Selig v. Druckman Law Group PLLC*, 17-CV-4510(JS), 2018 WL 3973013, at *5 (E.D.N.Y. Aug. 20, 2018) ("Appellant's arguments that the Foreclosure Plaintiff lacked standing to bring the Foreclosure Action—couched in terms of [creditor's] lack of authority to move for relief from the automatic stay—are barred by the *Rooker-Feldman* doctrine.").

whether [the creditor] in fact has an interest in the Property or a right to foreclose on the debtor's real property. The court needs to determine only whether [the creditor] has made a colorable claim to the Property.") (citations omitted); *Powers v. Chadwell Homes of Al., LLC*, No. 1:18-cv-01452-MHH, 2019 WL 8888161, at *5 (N.D. Al. Sept. 16, 2019) ("A possible defect in the mortgage interest on the property does not deprive Chadwell Homes of its status as a creditor."); *In re Duwaik*, No. 17-cv-00142-MSK, 2017 WL 4772819, at *4 (D. Col. Oct. 20, 2017) (bankruptcy court did not abuse its discretion by finding the creditor held a "colorable claim" against the debtor because the issue of the validity of the note "fell outside the scope of relief from stay" and questions raised as to the validity of the note could be determined in state court). Here, Nationstar has provided evidence creating a colorable claim to relief so that the state court may make an ultimate determination as to whether Nationstar is entitled to a judgment of foreclosure. *Escobar*, 457 B.R. at 241-42.

### 2. Nationstar's Entitlement to Stay Relief

The Court next reviews, for abuse of discretion, the Bankruptcy Court's conclusion that Nationstar was entitled to modified stay relief under Section 362(d)(1) and *in rem* 362(d)(4) to permit it to proceed with the state foreclosure action.

### a. **Relief under Section 362(d)(1)**

11 U.S.C. § 362(d) mandates that the bankruptcy court grant relief from the stay, such as terminating or modifying the stay, as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or condition such stay—
    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
    (2) with respect to a stay of an act against property under subsection (a) of this section, if—
        (A) the debtor does not have an equity in such property; and
        (B) such property is not necessary to an effective reorganization . . .

*Id.* § 362(d)(1)-(2). With respect to subsection (1), and determining whether there is "cause," this Court is guided by the non-exclusive factors set forth by the Second Circuit in *In re Sonnax*.[9] *See In re 950 Meat & Grocery Corp.*, 617 B.R. 224, 228 (Bankr. S.D.N.Y. 2020) (citing *In re* Sonnax, 907 F.2d at 1286). But only those factors "relevant to a particular case need to be considered," and the Court "need not assign them equal weight." *In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994) (first citing *In re Sonnax*, 907 F.2d at 1285; and then citing *In re Anton*, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992)). On a motion for relief from the automatic stay under Section 362(d), the party requesting such relief has the

---

[9] These factors include: "(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms." *In re Sonnax*, 907 F.2d at 1286.

burden of proof on the issue of the debtor's equity in property, and the party opposing the relief has the burden of proof on all other issues. *In re Fennell*, 495 B.R. 232, 239 (Bankr. E.D.N.Y. 2012) (citing 11 U.S.C. § 362(g)).

With respect to relief under Section 362(d)(1), this Court has considered the applicable *Sonnax* factors and concludes that cause existed to lift the stay. In its underlying motion for relief from the stay and brief, Nationstar argues that Buczek failed to make post-petition mortgage payments since August 1, 2018—as well as both Buczek and the original mortgagor failing to make payments since September 1, 2014. *See* Bankr. Dkt. 60, at 10-11; Dkt. 17, at 17. Buczek has not offered any evidence to dispute Nationstar's assertion of delinquency—his brief merely mentions that "the Court erred in making its decision to remove the stay based upon the Debtor's failure to make payments to the Creditor which were not required to be made through any court order law or other requirement." Dkt. 14, at 11.

Courts in this circuit have ruled that a debtor's failure to pay mortgage payments can constitute sufficient cause to modify an automatic stay. *Osuji*, 589 B.R. at 511 (first citing *In re Campora*, 2015 WL 5178823, at *5; and then citing *In re Fennell*, 495 B.R. at 239); *In re Sterling*, 543 B.R. at 392; *Thompson v. JP Morgan Chase Bank, N.A.*, No. 11-cv-2905(JFB), 2012 WL 739384, at *6 (E.D.N.Y. Mar. 8, 2012). Failure to make mortgage payments is "one of the best examples of a 'lack of adequate protection' under Section 362(d)(1) of the Bankruptcy Code." *In re Schuessler*, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008) (citing *In re Taylor*, 151 B.R.

646, 648 (E.D.N.Y. 1993)).  Nonpayment constitutes grounds on its own for granting the motion for relief from the automatic stay. *Osuji*, 589 B.R. at 511.

However, the Court has also considered the other applicable *Sonnax* factors and concludes they weigh in favor of modifying the stay pursuant to Section 362(d)(1) and the terms stated in Judge Bucki's order. *Id.*  In particular, lifting the stay on this limited basis enables Nationstar to proceed with the state foreclosure action to resolve issues with the property—in which the state law has expertise—and furthers the interests of judicial economy. *Id.*; *Sterling*, 543 B.R. at 393-94; *see also In re Beaumont*, 548 B.R. 437, 442 (Bankr. D. S.C. 2016) (finding cause to list the stay so that the pending state court litigation could proceed where the creditor was already granted summary judgment in foreclosure action); *Broadhurst v. Steamtronics Corp.*, 48 B.R. 801, 803 (D. Conn. 1985) (finding no abuse of discretion where the bankruptcy court recognized the matter involved state law issues and the estate was protected by the requirement that plaintiffs seek enforcement of any judgment through the bankruptcy court).

Thus, the Court concludes the Bankruptcy Court did not abuse its discretion when it modified the stay pursuant to 11 U.S.C. § 362(d)(1). *See Osuji*, 589 B.R. at 511-*12*; *see also Thompson*, 2012 WL 739384, at *6 (upon consideration of the *Sonnax* factors, finding cause where the debtor was not making mortgage payments, the secured creditor had begun foreclosure proceedings in state court, and creditor continued to expend money for taxes and insurance on the property).

19

### b. Relief under Section 362(d)(4)

11 U.S.C. § 362(d) also provides that the bankruptcy court may grant *in rem* relief as follows:

> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>> (B) multiple bankruptcy filings affecting such real property.

*Id.* § 362(d)(4)(A)-(B). The statute provides that, if properly recorded under state law, an order entered under Section 362(d)(4) is binding in any subsequent bankruptcy case purporting to affect the subject real property, for a period of two years after entry of the order granting *in rem* stay relief. *See id.*; *In re Kearns*, 616 B.R. 458, 466-67 (Bankr. W.D.N.Y. 2020). It is the movant's burden to prove (1) the debtor engaged in a scheme, (2) to delay, hinder or defraud the creditor, and (3) which involved either the transfer of property without the creditor's consent or court approval or multiple filings. *See, e.g.*, *In re 5th Street Parking LLC*, No. 19-12821 (MG), 2020 WL 424576, at *5 (Bankr. S.D.N.Y. Jan. 24, 2020) (quoting *In re Lemma*, 394 B.R. 315, 325 (Bankr. E.D.N.Y. 2008)). The Court may draw an inference of a debtor's intent to hinder or delay from the filing of several bankruptcy cases, as well as the timing of those filings. *Id.* (citing *In re Richmond*, 513 B.R. 34, 48 (Bankr. E.D.N.Y. 2014).

Nationstar argues it is entitled to *in rem* relief under 362(d)(4) based on Buczek and Deborah Buczek's two bankruptcy cases—which stayed the state

foreclosure action—and the transfer of ownership of the property that occurred without the foreclosure plaintiff's consent. Dkt. 17, at 18-19. According to Nationstar, these circumstances here, plus the "staggering amount of bad faith frivolous litigation" and "a volume of frivolous pleadings" by these individuals, satisfy the requirements of Section 362(d)(A) and (B). *Id.* at 19. In his briefs, Buczek does not make any substantive arguments relating to Nationstar's application for *in rem* relief. *See* Dkts. 14, 18.

After reviewing the record, this Court concludes that the *in rem* relief provided in Judge Bucki's order on October 1, 2019 was within the scope of 11 U.S.C. § 362(d)(4) and, thus, was not an abuse of discretion. The timing of the transfer of the property and the bankruptcy filings; the record of appeals, objections, and other filings in this case, and Judge Bucki's familiarity with the facts of both Buczek's and his mother's bankruptcy cases permitted Judge Bucki's inference of an intent to hinder, delay, and defraud creditors. *See. e.g, In re 5th Street Parking,* 2020 WL 424576, at *6-7 ("When debtors have exhibited a lack of effort in their bankruptcy proceedings and have instead engaged in serial filings to thwart the efforts of secured creditors exercising their rights under state law, courts have found that these serial filings are evidence of bad faith and abuse of the bankruptcy processes." (quoting *In re McKenzie,* No. 19-10130, 2019 WL 1750910, at *4 (Bankr. S.D.N.Y. Mar. 25, 2019))).

Thus, there was no abuse of discretion in Judge Bucki's decision modifying the stay.

As to any of Buczek's remaining arguments and issues on appeal, this Court has reviewed them and finds them without merit.

## CONCLUSION

For the foregoing reasons, the Court concludes that the Bankruptcy Court did not abuse its discretion in lifting the automatic stay and granting *in rem* relief. The Court affirms the Bankruptcy Court's October 1, 2019 decision, as memorialized in the October 15, 2019 Order. The Clerk of the Court is ordered to close this appeal.

The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and, therefore, DENIES leave to appeal as a poor person. *See Coppedge v. United States*, 369 U.S. 438, 444-46 (1962).

Buczek must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:      February 17, 2021
            Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE