UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHANE CHRISTOPHER BUCZEK,

    Appellant,

v.                                19-CV-1402 (JLS)

NATIONSTAR MORTGAGE LLC,

    Appellee.
_____

## DECISION AND ORDER

Appellant Shane Christopher Buczek filed a timely motion for rehearing (Dkt. 21) of this Court's Decision and Order dated February 17, 2021 (Dkt. 19) pursuant to Bankruptcy Rule 8022. For the reasons below, his motion is denied.

On a motion for rehearing, the movant must "state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended." Fed. R. Bankr. P. 8022(a)(2); *see also In re Soundview Elite Ltd.*, 14-CV-7666 JPO, 2015 WL 1642986, at *1 (S.D.N.Y. Apr. 13, 2015). This is a strict standard: a movant must not "reargue its case," but should "direct the court's attention to a material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result." *In re Sears Holdings Corp.*, 616 B.R. 615, 623 (S.D.N.Y. 2020) (internal quotation marks and citation omitted), *reh'g denied*, No. 19-CV-9140, 2020 WL 3050554 (S.D.N.Y. June 5, 2020). Moreover, "'neither new evidence

nor new arguments are considered valid bases' for a motion for rehearing." *Soundview Elite*, 2015 WL 1642986, at *1 (quoting *In re Spiegel, Inc.*, No. 06-CV-13477, 2007 WL 2609966, at *2 (S.D.N.Y. Aug. 22, 2007)).

Buczek's motion for rehearing argues that "[t]he bankruptcy court failed to afford him an evidentiary hearing as required by Rule 9014" and that "[t]he bankruptcy court failed to address the merits of evidentiary issues raised by Appellant regarding the veracity of documents relied upon by parties with no lawful liens or loans held by those claiming to have an interest in his personal property." Dkt. 21, at 3. Neither argument directs this Court's attention to a material matter of law or fact that was overlooked and that, had it been considered, probably would have brought about a different result.

In any event, as to Buczek's first argument, bankruptcy courts "have the discretion to decide an issue without holding an evidentiary hearing, and a district court can reverse such a decision only if it amounts to an abuse of discretion." *In re Great Atl. & Pac. Tea Co.*, 618 B.R. 57, 65 (S.D.N.Y. 2020) (quoting *In re Gordon*, 577 B.R. 38, 49 (S.D.N.Y. 2017)). It is not an abuse of discretion for the bankruptcy court to reach a decision without holding an evidentiary hearing where "the record provided ample evidence on which the court could make such a decision." *Id.* Here, the Bankruptcy Court relied on the substantial submissions from both parties on the motion for relief from the stay, which also included the decisions and relevant record from the state court foreclosure action. This Court remains satisfied that the

2

record contained ample evidence for the Bankruptcy Court to make its decision, and the bankruptcy court did not abuse its discretion as Buczek argues.

Buczek's second argument consists of his repeated allegations regarding fraudulent documents and an invalid proof of claim—arguments that the bankruptcy court, as well as this Court in Buczek's appeals, have addressed multiple times. *See, e.g.*, Dkt. 19.

Rehearing is not warranted on any proffered basis. For these reasons, the motion for rehearing (Dkt. 21) is denied.

SO ORDERED.

Dated:   July 29, 2022
         Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE